IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALEX J. SMALLS and DEBORAH MOWBRAY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 25-1062 (MN) ) |
| ELBERT C. SMALLS, | ) ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington, this 20th day of October 2025,

On August 22, 2025, Defendant, Elbert C. Smalls, filed a Notice of Removal removing the instant case from the Superior Court of the State of Delaware to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. (D.I. 1). Under "Jurisdictional Facts" Defendant cites "Diversity Jurisdiction (28 U.S.C. § 1332)" and states that Plaintiffs are citizens of Delaware, and he is a citizen of South Carolina. (D.I. 1 ¶ 5). The Notice of Removal does not state when Defendant was served with or otherwise received the initial pleadings in the Superior Court action.

On September 22, 2025, Plaintiffs filed an Opposition to Removal of State Litigation citing no diversity of citizenship, untimely removal and no federal question. (D.I. 3). The Court reviews each opposition in turn.

**I.  NO DIVERSITY OF CITIZENSHIP**

Defendant states that he is a citizen of South Carolina. (D.I. 1 ¶ 5). In reviewing the Notice of Removal and attachments, the Court notes several different addresses for Defendant: 31 Inlet View Court, Bethany Beach, Delaware, 2740 Snow Hill Road, Gridletree, Maryland, and 6903 South Island Road, Georgetown, South Carolina. In the Opposition, Plaintiffs state that Defendant "admits to owning [] 31 Inlet View Court in Bethany Beach, Delaware in his answer to

the complaint . . ..." (D.I. 3 ¶ 9.a.). And that Defendant filed complaints against Plaintiff Alex Smalls with the Office of Disciplinary Counsel and listed both the Bethany Beach, Delaware and Grideltree, Maryland addresses. (*Id.* ¶ 9.c.). Plaintiffs then make the jump to "it is readily apparent that Defendant . . . is a resident of Delaware. The fact that he owns property and/or visits property in other jurisdictions, does not provide diversity of citizenship. . .." (*Id.* ¶ 9.d.).

It is well-settled that, for purposes of diversity jurisdiction, citizenship means domicile, not residence. To acquire a domicile, a person must be physically present in a state *and* intend to remain in that state. "In determining an individual's domicile, a court considers several factors, including declarations, exercise of political rights, payment of personal taxes, house of residence, . . . place of business . . . location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010) (internal citations omitted). For the purposes of diversity jurisdiction, the Third Circuit has explained that "[c]itizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" "The party asserting diversity jurisdiction bears the burden of proof." "A party generally meets this burden by proving diversity of citizenship by a preponderance of the evidence." *Freidrich v. Davis*, 767 F.3d 374, 377 (3d Cir. 2014) (internal citations omitted); *see also Coulter v. Paulisick*, 778 F. App'x 180, 182 (3d Cir. 2019) ("[T]he determination of domicile for purposes of subject matter jurisdiction *must occur on the date the action was filed*." (emphasis in original)).

The Defendant has not carried the burden. The Court cannot ascertain on the record before it if Defendant is a resident of Delaware, Maryland or South Carolina and which of those states he visits versus in which state he is domiciled.

As the Third Circuit has held that the removal statute (28 U.S.C. § 1441) should be strictly construed in favor of remand to state court, the Court must remand as it cannot determine if diversity jurisdiction exists. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand.").

## II. <u>UNTIMELY REMOVAL</u>

Assuming, arguendo, that diversity jurisdiction does exist, the Notice of Removal was untimely, and this matter must be remanded.

A review of the state court docket shows that this action was originally filed in the Superior Court on November 22, 2024 by Plaintiff Alex Smalls. On February 19, 2025 an Amended Complaint was filed adding Deborah Mawbray as a plaintiff and on April 10, 2025, Defendant was personally served with the Amended Complaint at his Bethany Beach address. (D.I. 3 ¶ 9.a.).

Pursuant to 28 U.S.C § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." It does not appear that the initial complaint was served on Defendant, but the Amended Complaint was served on April 10, 2025 and Defendant filed an answer on April 17, 2025. (D.I. 3

¶ 1).  The Notice of Removal was not filed until August 22, 2025, 104 days after the 30-day deadline by which to file a removal.  As such, this matter must be remanded.

### III.  NO FEDERAL QUESTION

As the Court cannot ascertain on the record before it if there is diversity jurisdiction and finding the Notice of Removal untimely, the Court need not address the objection of no federal question.

*   *   *

THEREFORE, for the reasons set forth above, IT IS HEREBY ORDERED that this matter is REMANDED to the Superior Court of the State of Delaware, in and for New Castle County.

_____<br>
The Honorable Maryellen Noreika<br>
United States District Judge